**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 3, 2026**

# In the Court of Appeals of Georgia

A26A0749. MARTIN v. THE STATE.

PIPKIN, Judge.

Following a bench trial, Appellant Richard Martin was found guilty of numerous counts of sexual exploitation of children. See OCGA § 16-12-100(b). He appeals, contending that the trial court erred when it denied his pre-trial motion to suppress evidence seized without legal justification. We affirm.

> In a hearing on a motion to suppress, the trial court sits as the trier of fact[,] and its findings are analogous to a jury verdict. Accordingly, we defer to the trial court's credibility determinations and will not disturb its factual findings in the absence of clear error. And when reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment.

*State v. Culler*, 351 Ga. App. 19, 19 (830 SE2d 434) (2019) (citation modified). "Although we defer to the trial court's factfinding, we owe no deference to the trial court's legal conclusions. Instead, we independently apply the law to the facts as found by the trial court." Id. (citation modified).

So viewed, the evidence presented at the hearing on the motion to suppress shows that, in 2016, a federal agent running an investigation into the online distribution of child sexual exploitation material learned of an IP address that was being used to distribute child pornography through a peer-to-peer network. The network in question required use of a specific computer to download and store the files in order to share the images. The lead agent testified that having the physical computer was crucial to their investigation because it was not until they had the "computer in hand that [they were] able to say with certainty if that's the computer on the IP address which is sharing child pornography." She further explained that if the computer or hard drive where the images were downloaded were to be destroyed, it would be impossible to access those images again.

The agent's investigation uncovered an email address of 0ldWolf@comcast.net and a physical address of 5994 Spring Street in Austell, Georgia, which was an

efficiency lodge that rented individual rooms within the home. While the IP address was registered to the physical location, officers could not determine which room or resident was running the peer-to-peer network; consequently, they went to the efficiency lodge to investigate and obtain additional information in hopes that they could secure a search warrant.

During their investigation, officers learned that two people living in the lodge had computers, one of which was Martin. Officers spoke to Martin outside of his apartment and informed him that they were investigating the distribution of child pornographic images. Martin admitted that he had a computer and used the internet from that location, and he provided his email address as Old WolfRick@gmail.com. Martin informed officers that Old Wolf was his nickname, and evidence was presented at the hearing that the username on the peer-to-peer network was a variant of Old Wolf. Officers requested consent to search Martin's computer, which he denied. Officers also requested consent to search any electronic storage devices; Martin mentioned that he had a hard drive, and consented to the search of that device. Thereafter, Martin repeatedly went in and out of his room by himself in order to locate the hard drive; however, each time he reemerged from his room, he claimed

that he could not locate it. At this point, the lead agent reached out to an Assistant United States Attorney seeking guidance on how to proceed; the federal prosecutor told her to seize Martin's computer due to the possibility that Martin could destroy the evidence on the computer. Thereafter, officers seized the computer; they obtained a search warrant for the computer the next day.

After hearing all of the evidence, the trial court denied Martin's motion to suppress, finding that the "seizing [of] defendant's computer was necessary to prevent the destruction of the photographs and videos containing child pornography, which were irreplaceable and essential to proving a crime had been committed" and that the seizure "was reasonable in light of the exigent circumstances at the time." On appeal, Martin contends that the trial court erred in denying his motion to suppress the computer seized from his residence without a warrant or his consent. Specifically, Martin argues that the trial court erred when it found that the exigent circumstances exception to the warrant requirement existed under the facts of this case. We disagree.

The Fourth Amendment's protection against unreasonable searches and seizures generally has been interpreted to mean that law enforcement officers are prohibited from entering a home without the homeowner's consent or a warrant. See

*Mackay v. State*, 291 Ga. App. 733, 734-35 (662 SE2d 814) (2008). However, the law has long recognized exceptions to the warrant requirement and, specific to this case, the exigent circumstances exception. See id. at 735. Such circumstances exist when "'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394(I) (98 SCt 2408, 57 LE2d 290) (1978) (citation modified). See also *Bowden v. State*, 376 Ga. App. 746, 748 (921 SE2d 8) (2025) ("An exigent circumstance is one when an officer reasonably believes that a warrantless entry is a necessary response on his part to an emergency situation." (citation modified)). "One example of such an exigent circumstance is when the circumstances preceding an officer's warrantless search and seizure demonstrate that the officer had an objectively reasonable basis for fearing the imminent destruction of the evidence at issue before a search warrant could be obtained." *Hesrick v. State*, 308 Ga. App. 363, 366–67 (707 SE2d 574) (2011). "Whether exigent circumstances existed is a question of fact, and we review police actions from the standpoint of a hypothetical reasonable officer and must measure those actions from the foresight of an officer

5

acting in a quickly developing situation and not from the hindsight of which judges have benefit." Id. at 367 (citation modified).

Viewing the evidence in this light, we see no error with the trial court's conclusion that the warrantless seizure of the computer was authorized by exigent circumstances. Here, the record shows that law enforcement knew that this specific network of users sharing pornographic images of children relied heavily on the device controlling the network and its storage of digital images which could be easily destroyed. Martin admitted that he had a computer and used the internet from his apartment. He also admitted that his nickname was a variant of the username on the peer-to-peer network. He refused to allow officers into his room and further refused to allow officers to search his computer; however, Martin did consent to the search of an alleged hard drive that he had also kept in his room. Martin continued to speak with officers, entering and exiting his room numerous times during the conversation, all while under the guise of looking for the hard drive which he, conveniently, never located.

As this Court has previously explained, the vulnerability of potential evidence to quick alteration or destruction is a factor supporting an officer's reasonable belief

6

that exigent circumstances exist. See *Hesrick*, 308 Ga. App. at 366–67 (affirming trial court's denial of motion to suppress under the exigent circumstances exception to the warrant requirement where evidence showed "the objectively reasonable concern that the seizure was necessary to prevent Hesrick's imminent destruction of the computer images of child pornography, images that were vulnerable to quick destruction, irreplaceable, and essential to proving that a crime had been committed"); *James v. State*, 294 Ga. App. 656, 660 (670 SE2d 181) (2008) ("One of the key facts known to [police] was that rape cases usually rely heavily on physical evidence that, like narcotics, can easily be altered or destroyed.... The vulnerability of the potential evidence, in conjunction with [the defendant's] conduct in refusing to respond to police, was sufficient to support [the officer's] reasonable belief that [the defendant] would attempt to destroy such evidence during the time it would take to secure a warrant." (citation modified)).

Based upon the evidence discussed above, we see no error in the trial court's conclusion that the warrantless seizure of Martin's computer was necessary to prevent Martin's imminent destruction of the computer images of child pornography.

*Judgment affirmed. Dillard, P. J., and Gobeil, J., concur.*